UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HENRY JOHNSON,

        Petitioner,               Case No. 1:16-cv-1471

v.                                    Honorable Janet T. Neff

S. L. BURT,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

  I.  Factual allegations

  Petitioner David Henry Johnson is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility in Muskegon, Michigan. Following a four-day jury trial in the Tuscola County Circuit Court, Petitioner was found guilty of operating a methamphetamine laboratory, MICH. COMP. LAWS § 333.7401c(2)(f); manufacture of methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(i); and possession of methamphetamine, MICH. COMP. LAWS § 333.7403(2)(b)(i). As to each offense, it was Petitioner's second; therefore, he was subject to twice the term of imprisonment otherwise authorized. MICH. COMP. LAWS § 333.7413(2). On October 4, 2013, the trial court sentenced Petitioner to concurrent terms of imprisonment of 10 to 20 years for operating the laboratory, 10 to 20 years for manufacture, and 2 to 10 years for possession.[1]

  With the assistance of counsel, Petitioner directly appealed his convictions and sentences raising five issues:

  I.  DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL AND WAS DENIED THE RIGHT TO BE TRIED WITHIN 180 DAYS WHEN, THROUGH NO FAULT OF DEFENDANT, TRIAL DID NOT COMMENCE.

  II.  DEFENDANT WAS DENIED HIS CONSTITUTION RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL'S CUMULATIVE ERRORS DENIED DEFENDANT A FAIR TRIAL.

---

[1] The sentences imposed on October 4, 2013 were reversed by the Michigan Supreme Court on February 2, 2016, and the matter was remanded to the trial court for resentencing. On May 19, 2016, the trial court reaffirmed the original sentences. At the time Petitioner committed the methamphetamine offenses, he was on parole for prior offenses. He is completing his sentences for those prior offenses as well. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=595438. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, i.e. Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821–22 n. 3 (E.D.Mich. 2004).

    III.    DEFENDANT'S CONVICTION WAS BASED ON THE TESTIMONIAL HEARSAY STATEMENTS OF UNAVAILABLE DECLARANTS AND SINCE THERE WAS NO OPPORTUNITY TO CROSS EXAMINE THE DECLARANTS, THE TRIAL COURT VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES BY ADMITTING THE STATEMENTS.

    IV.    DEFENDANT WAS DENIED THE RIGHT TO DUE PROCESS AND FUNDAMENTAL FAIRNESS TO PRESENT A DEFENSE WHEN THE POLICE FAILED TO PRESERVE KEY EVIDENCE.

    V.    DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE THE STATUTORY SENTENCING GUIDELINES WERE MISSCORED AS TO THE OFFENSE VARIABLES, WHICH AFFECTED THE STATUTORY SENTENCING GUIDELINE RANGE.

(Def.'s-Appellant's Br., ECF No. 1-3, PageID.52-53.)  By unpublished opinion issued March 12, 2015, the Michigan Court of Appeals affirmed the convictions and sentences.  Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  In lieu of granting leave to appeal with regard to the sentencing issue, the court reversed and remanded to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 498 Mich. 358[, 870 N.W. 2d 502] (2015)." *People v. Johnson*, 873 N.W.2d 565 (Mich. 2016).  In all other respects, however, the court denied leave to appeal. *Id.*

    The trial court held a resentencing hearing on May 19, 2016.  The court reaffirmed it original sentences.   With the assistance of counsel, Petitioner appealed his new judgment of sentence, raising two issues:

    VI.    THE TRIAL COURT IMPOSED AN UNREASONABLE SENTENCE OF 120 TO 240 MONTHS IMPRISONMENT FOR OPERATING/MAINTAINING A LABORATORY INVOLVING METHAMPHETAMINE AND DELIVERY/MANUFACTURE OF METHAMPHETAMINE.

VII. APPELLANT IS ENTITLED TO BE RESENTENCED BEFORE A DIFFERENT JUDGE WHERE THE TRIAL COURT AGAIN SCORED OFFENSE VARIABLE 14 AND AGAIN PLACED HIM INTO AN INACCURATELY HIGH RANGE FOR THE MINIMUM SENTENCE NOTWITHSTANDING A PRIOR RULING OF THE MICHIGAN SUPREME COURT IN THIS CASE AND ESTABLISHED LAW BY UNCONSTITUTIONALLY USING JUDICIAL FACT-FINDING TO SCORE THE VARIABLE AND THEREBY INCREASE THE GUIDELINE RANGE.

(Def.'s-Appellant's Br., ECF No. 1-4, PageID.104.)  Petitioner has also filed a Standard 4 brief in the court of appeals, but he does not identify the issues raised therein.  The Michigan Court of Appeals has not yet decided Petitioner's second appeal.

Petitioner has expressed his intent to raise in this petition the five issues he raised in his direct appeal.  The fifth issue, regarding sentencing, was directed to his original sentence.  Based on Petitioner's argument, the Court reads his Petition as directing the statement and argument regarding sentencing to the "new" sentence imposed on May 19, 2016.  Indeed, his objections to his "new" sentence are more completely expressed in Issues VI and VII.

In addition, Petitioner has filed a motion to stay his petition and hold it in abeyance to permit him to return to the trial court and raise five new issues.  (ECF No. 5.)

II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  See *O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). There is little question that Petitioner has exhausted his state court remedies with respect to his first four habeas issues. The same is not true with regard to Issues V, VI, and VII regarding Petitioner's sentence.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the sentencing issues he has presented in this application and he is presently pursuing it. Petitioner's sentencing issues are presently before the Michigan Court of Appeals. With respect to Petitioner's new judgment of sentence, it is the first time that court will address the issues. If his sentence is affirmed by the Michigan Court of Appeals, Petitioner must seek leave to appeal that decision in the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of

limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner is still in the process of direct review of the judgment of sentence entered on May 19, 2016.  That judgment has not yet become final by the completion of direct review.  His period of limitation, therefore, has not commenced.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days

amounts to a mandatory period of equitable tolling under *Palmer*).[2]  Petitioner has more than sixty days remaining in his limitations period.  He has the entire limitations period.  Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore, a stay of these proceedings is not warranted.

        For the same reason that a stay of proceedings is not warranted to permit Petitioner to pursue Issues V, VI, and VII on direct review, a stay is also not warranted with respect to the five new issues Petitioner wants to raise in the state courts.  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the five new issues he has presented in his motion.  He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  MICH. CT. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Tuscola County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court.  *Id.* at 332.

Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies. The Court will also deny Petitioner's motion to stay (ECF No. 5). Petitioner's motion for hearing (ECF No. 4) will also be denied as moot.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  February 22, 2017              /s/ Janet T. Neff
                                       Janet T. Neff
                                       United States District Judge